IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TINA MARIE BURNETTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-00312-CV-RK |
| | ) |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF SSA; | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's appeal seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("Commissioner") denying disability benefits. The decision of the Commissioner is **AFFIRMED**.

### Standard of Review

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *KKC v. Colvin*, 818 F.3d 364, 374 (8th Cir. 2016) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008); *see also* 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the [Commissioner's] conclusion." *Gann v. Berryhill*, 864 F.3d 947, 950 (8th Cir. 2017). In determining whether existing evidence is substantial, the Court takes into account "evidence that both supports and detracts from the ALJ's decision." *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2016) (quoting *Perkins v. Asture*, 648 F.3d 892, 897 (8thCir. 2011). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (quoting *Davis*, 239 F.3d at 966). The Court does not re-weigh the evidence presented to the ALJ. *Reece v. Colvin*, 834 F.3d 904, 908 (8th Cir. 2016). The Court should

"defer heavily to the findings and conclusions of the [Commissioner]." *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015) (quotation and citation omitted).

**Discussion**

By way of overview, the ALJ determined the Plaintiff suffers from the following severe impairments: obesity; degenerative disk disease of the cervical, lumbar, and thoracic spine; status post lumbar spine fusion, discectomy, and laminectomy with lumbar radiculopathy; failed back syndrome; left knee meniscus tear; and female stress and urge incontinence. The ALJ also determined that Plaintiff has the following non-severe impairments: hyperlipidemia; hypothyroidism; diabetes mellitus, Type II; and anxiety. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equals the criteria of one of the listed impairments in 20 CFR Pt. 404. Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite her limitations, Plaintiff retained the residual functional capacity ("RFC") to perform work with limitations.[1] Plaintiff did not have any past relevant work. The ALJ found that due to Plaintiff's age, education, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Accordingly, the ALJ found Plaintiff was not disabled.

On appeal Plaintiff makes the following arguments: (1) whether the ALJ's RFC determination was proper, and (2) whether the ALJ's determination of Plaintiff's credibility was supported by substantial evidence. Concerning the ALJ's mental RFC determination, Plaintiff specifically argues the RFC is flawed because the RFC is not based on an opinion from a treating or examining medical source. Plaintiff also argues the mental and physical RFC is flawed because the ALJ did not order further medical examinations.

Plaintiff first argues the mental RFC is flawed because it is based only on the opinion of non-examining state agency psychological consultant, Dr. Altomari.[2] The ALJ accorded significant weight to Dr. Mark Altomari's opinion because he is an acceptable medical source

---

[1] The ALJ provided the following limitations: lift ten pounds occasionally; stand and/or walk for up to four hours in an eight-hour workday; sit for up to six hours in an eight-hour workday; require the opportunity to alternate between sitting and standing every thirty minutes; can occasionally climb ramps or stairs, but never climb ladders, ropes, or scaffolds, and never balance; can occasionally stoop, never kneel, occasionally crouch, and never crawl; avoid extreme cold and wetness, as those terms are related to weather conditions; and would need to avoid excessive vibrations and unprotected heights.

[2] Defendant refers to a "Dr. Mark Alomar" occasionally throughout Defendant's brief. The Court interprets this as a typographical error.

and mental health specialist, his opinion is consistent with the overall record, and he is familiar with the Social Security disability process.[3]  *See* 20 C.F.R. § 416.902(a)(2). Despite Plaintiff's argument to the contrary, the ALJ did not rely entirely on Dr. Altomari's opinion, and instead, the ALJ considered the overall medical record.  The medical record indicates Plaintiff has not received any ongoing mental health treatment.  Further, at the hearing Plaintiff alleged she was disabled only due to physical impairments.  *See Burford v. Colvin*, 824 F.3d 793, 797 (8th Cir. 2016) (where the ALJ considered medical assessments from state agency medical consultant, the court rejected the plaintiff's argument "that the record before the ALJ was not adequately developed because it does not contain an opinion from a treating or consultative doctor as to [his] work related limitations"); *Casey v. Astrue*, 503 F.3d 687, 694 (8th Cir. 2007) ("The ALJ did not err in considering the opinion of [the state agency medical consultant] along with the medical evidence as a whole.").

Next, Plaintiff argues the mental and physical RFC is flawed because there were no limitations in the record concerning Plaintiff's functional limitations; therefore, the ALJ should have obtained a medical source statement from a treating physician or ordered a consultative exam.  However, the burden to prove the RFC lies with Plaintiff.  *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001).  The RFC determination must be based on some medical evidence, which may include medical records, physician treatment notes, and Plaintiff's subjective complaints.  *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012).  *See also Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (the RFC is a medical question and must be supported by some medical evidence but is not required to be supported by a specific medical opinion); *KKC*, 818 F.3d at 372 (the ALJ was not required to seek additional information from treatment providers where the information from the medical source did not list specific functional limitations, but the plaintiff's medical records, function reports, and testimony indicated plaintiff was able to perform work); *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007) (when determining a plaintiff's RFC, the ALJ is not required to consider medical evidence exclusively) (citation omitted).  Further, the ALJ only has a duty to further develop the record if the record contains insufficient information to determine whether the plaintiff is disabled. *Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994).

---

[3] Dr. Altomari opined that Plaintiff's anxiety was a non-severe impairment and that Plaintiff had only mild restrictions in activities of daily living; mild difficulties in social functioning; mild difficulties in maintaining concentration, persistence, or pace; and no repeated episodes of decompensation.

3

Case 4:17-cv-00312-RK   Document 21   Filed 05/24/18   Page 3 of 5

Here, the ALJ had sufficient evidence on the record to determine the RFC and whether Plaintiff was disabled, including Dr. Mark Altomari's opinion that Plaintiff's anxiety was a non-severe impairment; Mr. Shroyer, Plaintiff's husband's, third-party report; Plaintiff's history of both conservative and invasive treatment for back pain; the reduction in dosage of Plaintiff's pain medication; Plaintiff's testimony at the hearing and in the medical record; and the medical evidence in the record as a whole. The ALJ was not obligated to contact a treating physician or order a consultative examination.[4]

Second, substantial evidence supports the ALJ's determination of Plaintiff's credibility.[5] "The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." *Pearsall*, 274 F.3d at 1218.

The ALJ considered the objective medical evidence in the record but determined the objective medical evidence does not support the severity of Plaintiff's allegations. The ALJ acknowledged Plaintiff's testimony that her primary impairment was related to lumbar spine pain and acknowledged the Plaintiff had a history of conservative treatment, injections, and invasive surgery for lumbar spine pain. Plaintiff's range of motion was also limited due to pain. However, despite this, an MRI of Plaintiff's back showed only mild degenerative changes, and Plaintiff reported medications helped her leg cramps and fibromyalgia pain. Plaintiff also reported symptom relief from medial nerve blocks. As a result, Plaintiff's doctor decreased her dosage of prescription pain medication. *See Medhaug v. Astrue*, 578 F.3d 805, 816 (8th Cir. 2009) (an impairment is not disabling if controlled through treatment or medication) (citing *Kisling v. Chater*, 105 F.3d 1255, 1257 (8th Cir. 1997)). Next, the ALJ discounted Plaintiff's credibility due to her inconsistent work history. Plaintiff's past work record does not amount to

---

[4] Additionally, the Court is not persuaded by Plaintiff's reliance on *Vossen v. Astrue* or *Nevland v. Apfel*. In *Vossen* the opinion from the consultative examiner was unsigned; therefore, the court found the ALJ should have contacted the physician who issued the opinion for authentication. 612 F.3d 1011, 1016 (8th Cir. 2010). Here, unlike in *Vossen*, there is no question concerning ownership or authenticity of Dr. Altomari's opinion. In *Nevland*, the medical record contained no medical evidence concerning the plaintiff's functional impairments, and the court held the ALJ erred by not developing the record further on this issue. 204 F.3d 853, 858 (8th Cir. 2000). Unlike in *Nevland*, here the medical record contains medical evidence concerning Plaintiff's functional limitations.

[5] As Defendant points out, SSR 16-3p eliminated the use of the term "credibility" from the agency's sub-regulatory policy, and "clarif[ied] that subjective symptom evaluation is not an examination of an individual's character." *See* 81 F.R. 14166-72 (March 16, 2016), republished at 82 F.R. 49462-68 to clarify applicability date (Oct. 25, 2017). SSR 16-3p was not in effect at the time of the ALJ's decision, and the relevant regulations remain unchanged.

substantial gainful activity.  Plaintiff's sparse work record indicated to the ALJ that Plaintiff may remain unemployed by choice, rather than because she is disabled.  *See Bernard v. Colvin*, 774 F.3d 482, 489 (8th Cir. 2016) (the ALJ appropriately considered the plaintiff's sporadic work history in discrediting the plaintiff's subjective complaints).  Next, while Plaintiff testified she was prescribed a cane to assist with ambulation, the ALJ found the medical records do not indicate a cane is medically necessary.  *See Raney v. Barnhart*, 396 F.3d 1007, 1010 (8th Cir. 2005) ("We also find no medical records or opinions documenting Raney's use of a cane as being medically necessary.").  The ALJ also considered Plaintiff's positive drug test result.  Plaintiff stated the drug test result was positive because children put drugs in her drink, but the ALJ did not find this reasoning persuasive.  Finally, the ALJ determined Plaintiff's ability to complete daily activities reduced her credibility concerning disabling pain allegations.  The Plaintiff is able to drive a vehicle, shop in stores twice a week, manage her finances without difficulty, prepare simple meals, and perform chores one room at a time with assistance.  *See Vance v. Berryhill*, 860 F.3d 1114, 1121 (8th Cir. 2017) ("[t]he inconsistency between [the claimant's] subjective complaints and evidence regarding her activities of daily living also raised legitimate concerns about her credibility").  Accordingly, substantial evidence supports the ALJ's determination of Plaintiff's credibility.

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision.

IT IS THEREFORE, ORDERED that the decision of the Commissioner is **AFFIRMED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  May 24, 2018